**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH DAKOTA**

CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE



FEDERAL BUILDING AND UNITED STATES POST OFFICE
225 SOUTH PIERRE STREET, ROOM 211
PIERRE, SOUTH DAKOTA 57501-2463

TELEPHONE: (605) 945-4490
FAX: (605) 945-4491

June 17, 2011

Wanda Howey-Fox, Esq.
Attorney for Debtor
Post Office Box 18
Yankton, South Dakota 57078

David M. Hosmer, Esq.
Attorney for Credit Collection Services, Inc.
Post Office Box 7051
Yankton, South Dakota 57078

>        Subject:    *In re William Wesley Sohl*
>                    Chapter 7; Bankr. No. 09-40293

Dear Ms. Howey-Fox and Mr. Hosmer:

In preparing to issue a bench ruling in the above-referenced matter, I came across the following provision:

> The party in whose favor judgment has been given . . . may, at any time within *twenty years* after the entry of judgment, proceed to enforce the same by writ of execution, as provided in this title."

S.D.C.L. § 15-18-1 (emphasis added).

I am satisfied the *lien* created by the judgment reflected on Exhibit D-1 expired on February 4, 2009. See S.D.C.L. §§ 15-16-7 ("When a judgment has been docketed . . . it shall be a lien . . . for ten years from the time of docketing . . . .") and 15-16-35 ("The entry and docketing of an affidavit of renewal of a judgment shall operate to continue the lien of the judgment . . . for a period of ten years from the time of the docketing of such affidavit."). Attorney Howey-Fox was entirely correct in saying the ten-year renewal period under § 15-16-35 runs from the filing of the affidavit of renewal, not from the expiration of the original ten-year period under §15-16-7.

*In re Sohl*
June 17, 2011
Page 2

However, pursuant to § 15-18-1, but for Debtor's bankruptcy, the judgment would have continued to be enforceable by writ of execution until August 11, 2009. This suggests – to me, at least – the judgment itself had *not* expired when Debtor filed his bankruptcy.

Since I do not recall either of you discussing § 15-18-1 during the June 9 hearing, I wanted to give you both the opportunity to weigh in on its meaning and applicability to the facts of this case. If you wish to do so, please submit a *short* brief on or before July 1, 2011. I will then take the matter under advisement.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

cc:   case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

William Wesley Sohl
900 East 18th Street
Yankton, SD 57078

David M. Hosmer, Atty.
PO Box 7051
Yankton, SD 57078